UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
ST. LOUIS DIVISION

FRED NEKOUEE, individually,

       Plaintiff,

vs.

Case No. 4:18-cv-00257

M & W INVESTMENTS, a Missouri general partnership

       Defendant.

_____/

# COMPLAINT
(Injunctive Relief Demanded)

PLAINTIFF, FRED NEKOUEE, individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant, M & W INVESTMENTS, a Missouri general partnership (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

    1.    Plaintiff, Fred Nekouee, is an individual who resides in Tampa, Florida, in the County of Hillsborough.

    2.    Defendant's property, Overland Plaza, is located at 9000-9166 Overland Plaza, St. Louis, Missouri 63114, in the County of St. Louis.

    3.    Venue is properly located in the Eastern District of Missouri because venue lies in the judicial district of the situs of the property. The Defendant's property is located in and does business within this judicial district.

    4.    Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given

original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff Fred Nekouee is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Fred Nekouee has progressive multiple sclerosis and requires the use of a wheelchair for mobility.   Mr. Nekouee travels to Missouri every three to six months to accompany his brother at heavy equipment auctions, or to visit heavy equipment dealerships, where he assists his brother compare prices to equipment available in other areas, or to help his brother evaluate whether to buy or sell heavy equipment.  Fred Nekouee has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property.  The barriers to access that the Plaintiff encountered at the property have endangered his safety, impaired his ability or those accompanying him to park a vehicle, impaired his ability to access the property, and have impaired his use of the restroom in the Overland Plaza.

6. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Overland Plaza located at 9000-9166 Overland Plaza, St. Louis, Missouri 63114 ("Overland Plaza").

7. Fred Nekouee has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 9 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination

2

in violation of the ADA by the Defendant.  Fred Nekouee desires to visit the Overland Plaza not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

8. The Defendant has discriminated against the individual by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

9. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  Preliminary inspections of the Overland Plaza have shown that violations exist.  The violations that Fred Nekouee personally encountered or observed include, but are not limited to:

**PARKING**

a. In the parking lot of Overland Plaza, there are no parking spaces for disabled patrons with van accessible signage as required by Federal Law 2010 ADAAG §§ 703.7.2.1 and 502.6.

b. In the parking lot in front of Clarkson Eyecare in the Overland Plaza, the access aisle for the parking space for disabled patrons is blocked by the tree curb in violation of Federal Law 2010 ADAAG §§ 502.1 and 502.3.

c. In the parking lot in front of Clarkson Eyecare in the Overland Plaza, the access aisle serving the car space and van space is only 44 inches wide and less than 60 inches (1525 mm) wide in violation of Federal Law 2010 ADAAG § 502.3.1.

d. In the parking lot in front of Marshalls in the Overland Plaza, the access aisle is not

3

marked so as to discourage parking by individuals whom are not disabled in violation of Federal Law 2010 ADAAG § 502.3.3.

e. In the parking lot in front of the Mandarin House in the Overland Plaza, the curb ramp projects into the access aisle in violation of Federal Law 2010 ADAAG §§ 406.5 and 502.4.

f. In the parking lot in front of the Mandarin House in the Overland Plaza, the change in elevation in the parking space for disabled patrons is 0.75 inches and greater than the maximum of 0.5 inches in violation of Federal Law 2010 ADAAG §§ 502.4 and 303.3.

g. In the parking lot in front of Charter in the Overland Plaza, the parking space for disabled patrons has an excessively steep running slope, which running slope is as steep as 1:18.9 (5.3%) and steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010 ADAAG § 502.4.

h. In the parking lot in front of Charter in the Overland Plaza, the running slope of the access aisle serving the parking spaces for disabled individuals is 1:13.2 (7.6%), which running slope exceeds the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010 ADAAG § 502.4.

i. In the parking lot in front of Foot Locker in the Overland Plaza, the parking space for disabled patrons has an excessively steep running slope, which running slope is as steep as 1:17.5 (5.7%) and steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010 ADAAG § 502.4.

j. In the parking lot in front of Foot Locker in the Overland Plaza, the running slope of the access aisle serving the disabled parking spaces is 1:14.7 (6.8%), which slope is steeper than the maximum allowed slope of 1:48 (25), in violation of Federal Law 2010

ADAAG § 502.4.

k. The running slope of the walking surface in front of Nail Art and Wing-Stop in the Overland Plaza, is 1:11.1 (9%), which slope is steeper than the maximum allowed slope of 1:20 (5%), in violation of Federal Law 2010 ADAAG § 403.3.

l. The running slope of the accessibility ramp in front of the Marshalls in the Overland Plaza is 1:10.4 (9.6%), which running slope is greater than the maximum allowed slope of 1:12 (8%), in violation of Federal Law 2010 ADAAG § 405.2

m. The slope of the accessibility curb ramp sides or the curb ramp flares is as high as 1:9.3 (10.8%), which slope is steeper than the maximum allowed slope of 1:10 (10%), in violation of Federal Law 2010 ADAAG §§ 106.4, 406.3.

n. Handrails are not provided in front of Marshalls in the Overland Plaza, where the curb rise is 7 inches and greater than the maximum rise of 6 inches, in violation of Federal Law 2010 ADAAG §§ 405.8 and 505.

**SCHNUCKS' INTERIOR SERVICE AREA**

o. The lottery machine dispenser inside Schnucks is at 52 inches above the floor and higher than the maximum height above the floor of 48 inches when the reach depth is less than 20 inches in violation of Federal Law 2010 ADAAG § 308.2.2.

**MEN'S RESTROOM IN SCHNUCKS**

p. The door force needed to open the men's restroom door inside Schnucks is 15 pounds, which force exceeds the maximum allowed force of 5 pounds (22.2 N) pertaining to the continuous application of force necessary to fully open a door, in violation of Federal Law 2010 ADAAG § 404.2.9.

q. The men's restroom inside of the Schnucks does not have the signage and

international symbol of accessibility in violation of Federal Law 2010 ADAAG §703.7.2.1.

r. The door to the men's room in the Schnucks at the Overland Plaza has a pull side maneuvering clearance of 16 inches in a front approach beyond the latch and parallel to the doorway, which clearance is less than the minimum clearance of 18 inches, in violation of Federal Law 2010 ADAAG § 404.2.4.

s. The men's restroom in the Schnucks at the Overland Plaza does not have a grab bar that would allow an individual in a wheelchair to use the water closet (toilet), in violation of Federal Law ADAAG § 604.5.

t. The urinal clear floor space width is 33.5 inches in the men's restroom in the Schnucks at the Overland Plaza, which clear floor space width is less than the minimum of 36 inches to the alcove urinal (confined on all or part of three sides where the depth exceeds 24 inches), in violation of Federal Law 2010 ADAAG §§ 305.7.1 and 305.7.2.

u. The urinal rim is 23 inches above the finished floor in the men's restroom in the Schnucks at the Overland Plaza, which rim is above the maximum height above the finished floor of 17 inches to allow an individual in a wheelchair to use the urinal, in violation of Federal Law 2010 ADAAG § 605.2.

v. The urinal flush control is 52 inches above the floor in the men's restroom in the Schnucks at the Overland Plaza, which flush control is higher above the floor than the maximum of 48 inches above the floor to allow an individual in a wheelchair to reach the flush control, in violation of Federal Law 2010 ADAAG §§ 605.4 and 308.

w. The toilet paper dispenser is outside reach range in the men's restroom in the Schnucks at the Overland Plaza, which dispenser centerline is 14 inches from the front of the water closet and not between a minimum of 7 inches and a maximum of 9 inches, in

violation of Federal Law 2010 ADAAG § 604.7.

x. The distance from the toilet centerline to the side wall is 22 inches in the men's restroom in the Schnucks at the Overland Plaza, which distance is not within a minimum of 16 inches (405 mm) and a maximum of 18 inches (455 mm) from the side wall, in violation of Federal Law 2010 ADAAG § 604.2.

y. The length of the clear floor space for a forward approach to the lavatory is 41 inches in the men's restroom in the Schnucks at the Overland Plaza, which clear floor space is less than 30 inches by 48 inches to allow a forward approach to the lavatory by an individual using a wheelchair, in violation of Federal Law 2010 ADAAG §§ 305.3 and 605.3.

**MEN'S RESTROOM IN MARSHALLS**

z. The door force needed to open the door of the men's restroom is 8 pounds in Marshalls at the Overland Plaza, which door force exceeds the maximum allowed force of 5 pounds (22.2 N) pertaining to the continuous application of force necessary to fully open a door, in violation of Federal Law 2010 ADAAG § 404.2.9.

aa. The restroom door pull side maneuvering clearance in a front approach perpendicular to the doorway is 48 inches in the men's restroom in the Marshalls at the Overland Plaza, which maneuvering clearance is less than the minimum clearance of 60 inches, in violation of Federal Law 2010 ADAAG § 404.2.4.

bb. The men's restroom in the Marshalls at the Overland Plaza does not have a rear grab bar to allow an individual in a wheelchair to use the water closet (toilet), in violation of Federal Law 2010 ADAAG § 604.5.

cc. The side wall grab bar in the men's restroom in the Marshalls at the Overland

Plaza only extends 47 inches from the rear wall an does not extend a minimum of 54 inches (1370 mm) from the rear wall, in violation of Federal Law 2010 ADAAG § 604.5.1.

dd.  In the men's room in Marshalls at the Overland Plaza, the top gripping surface of the grab bar is 37 inches above the finished floor and not within the allowed range of a minimum of 33 inches (840 mm) and a maximum of 36 inches (915 mm) above the finished floor, in violation of Federal Law 2010 ADAAG § 609.4.

ee.  In the men's room in Marshalls at the Overland Plaza, the knee clearance depth for the lavatory sink is 27 inches, which knee clearance is greater than the allowed knee clearance of 25 inches (760 mm), in violation of Federal Law ADAAG § 306.3.2.

ff.  In the men's room in Marshalls at the Overland Plaza, the distance from the toilet centerline to the side wall is 20 inches, which distance is not within the allowed minimum of 16 inches (405 mm) and a maximum of 18 inches (455 mm) from the side wall, in violation of Federal Law 2010 ADAAG § 604.2.

gg.  In the men's restroom in Marshalls at the Overland Plaza, the toilet seat cover dispenser outlet is 57 inches above the floor and not within reach of an individual in a wheelchair, in violation of Federal Law 2010 ADAAG § 308.2.1.

hh.  In the men's restroom in Marshalls at the Overland Plaza, the water closet or toilet does not have the flush control mounted on the open and wide side of the clear floor space, in violation of Federal Law 2010 ADAAG § 604.6.

ii.  In the men's restroom in Marshalls at the Overland Plaza, the door latch requires tight grasping, pinching, or twisting of the wrist and cannot be opened with a closed fist or loose grip, in violation of Federal Law 2010 ADAAG §§ 309.4 and 404.2.7.

**SCHNUCKS' WOMEN'S RESTROOM**

jj. The women's restroom in Schnucks at the Overland Plaza does not have the signage and international symbol of accessibility in violation of Federal Law 2010 ADAAG § 703.7.2.1.

kk. In the women's restroom in Schnucks at the Overland Plaza, there is only a grab bar on the side wall and a rear grab bar is not provided at the toilet in violation of Federal Law 2010 ADAAG § 604.5.

ll. In the women's restroom in Schnucks at the Overland Plaza, the side wall grab bar only extends 47 inches from the rear wall and does not extend the minimum of 54 inches (1370 mm) from the rear wall in violation of Federal Law 2010 ADAAG § 604.5.1.

mm. In the women's restroom in Schnucks at the Overland Plaza, the top gripping surface of the side grab bar is 41.5 inches above the finished floor, which top gripping surface is not within the allowed range of a minimum of 33 inches (840 mm) and a maximum of 36 inches (915 mm) above the finished floor, in violation of Federal Law 2010 ADAAG §609.4.

nn. In the women's restroom in Schnucks at the Overland Plaza, the toilet paper dispenser is outside the reach range of an individual in a wheelchair, which dispenser centerline is 14 inches from the front of the water closet and not within the allowed range of a minimum of 7 inches and a maximum of 9 inches, in violation of Federal Law 2010 ADAAG § 604.7.

oo. In the women's restroom in Schnucks at the Overland Plaza, the distance from the toilet centerline to the side wall is 20.5 inches and not within the allowed range of a minimum of 18 inches (405 mm) and a maximum of 18 inches (455 mm) from the side wall, in violation of Federal Law 2010 ADAAG § 604.2.

pp. In the women's restroom in Schnucks at the Overland Plaza, the water closet or toilet does not have the flush control mounted on the open and wide side of the clear floor space in violation of Federal Law 2010 ADAAG § 604.6.

qq. In the women's restroom in Schnucks at the Overland Plaza, the turning space width is 34 inches and is not a minimum of 60 inches in violation of Federal Law 2010 ADAAG §§ 304.3.1 and 304.3.2.

**WOMEN'S RESTROOM IN MARSHALLS**

rr. In the women's restroom in Marshalls at the Overland Plaza, there is a grab bar only on the side wall in the accessible toilet stall and a rear grab bar is not provided in violation of Federal Law 2010 ADAAG § 604.5.

ss. In the women's restroom in Marshalls at the Overland Plaza, the top gripping surface of the grab bar is 37 inches above the finished floor and not within the allowed range of a minimum of 33 inches (840 mm) and a maximum of 36 inches (915 mm) above the finished floor in violation of Federal Law 2010 ADAAG § 609.4.

tt. In the women's restroom in Marshalls at the Overland Plaza, the distance from the toilet centerline to the side wall is 23 inches and not within the allowed range of a minimum of 16 inches (405 mm) and a maximum of 18 inches (455 mm) from the side wall, in violation of Federal Law 2010 ADAAG § 604.2.

uu. In the women's restroom in Marshalls at the Overland Plaza, the toilet seat cover dispenser outlet is 55 inches above the floor and not within the allowed reach range of a minimum of 15 inches and a maximum of 48 inches above the floor in violation of Federal Law 2010 ADAAG § 308.2.1.

vv. In the women's restroom in Marshalls at the Overland Plaza, the water closet or

toilet does not have the flush control mounted on the open and wide side of the clear floor space in violation of Federal Law 2010 ADAAG § 604.6.

10. All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

11. The discriminatory violations described in paragraph 9 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12. Defendant has discriminated against the individual by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford

all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.

14. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or

waived by the Defendant.

17.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the Overland Plaza and adjacent parking lot spaces to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.      The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.      Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.      An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

   d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

      Respectfully submitted,


    s/Robert J. Vincze_____
    Robert J. Vincze (MO #37687)
    Law Offices of Robert J. Vincze
    PO Box 792
    Andover, Kansas 67002
    Phone: 303-204-8207
    Email: vinczelaw@att.net

    *Attorney for Plaintiff Fred Nekouee*